UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS AT BOSTON

CAROL THOMAS,

    Plaintiff,

-v-                              CIVIL NO.

DRESSER, INC. – MASONEILAN

    Defendant.

**05-10726 PBS**

**COMPLAINT
AND
JURY TRIAL DEMAND**

MAGISTRATE JUDGE Sorokin

### Jurisdiction

1.    This action arises under the laws of the United States and is brought pursuant to Title 42, §§ 2000e, et seq. of the United States Code, Title VII of the Civil Rights Act of 1964 as amended. Jurisdiction is based upon the existence of questions arising therefrom as more fully appears below.

### Procedural Background

2.    On or about October 1, 2004, the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination, docket no. 04 BEM 02900. The complaint references the allegations which give rise to this complaint. Upon information and belief, the complaint was simultaneously filed with the Equal Employment Opportunity Commission and assigned docket number: 16CA500121

1

3. On or about January 25, 2005, the Plaintiff requested permission to withdraw her complaint from the Massachusetts Commission Against Discrimination, and permission was granted shortly thereafter.

4. On or about February 9, 2005, the Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

5. The Plaintiff has satisfied all jurisdictional prerequisites to bringing this action.

## Factual Background

6. Your Plaintiff, Carol Thomas, is a single black female in her early 40s, residing in Stoughton, Massachusetts. Her highest level of education is a Masters Degree in Education awarded by Cambridge College in 1994.

7. The Defendant, Masoneilan, is a corporation or business entity that is owned by Dresser, Inc., a corporation organized under the laws of Delaware with a principal place of business in Addison, Texas.

8. On or about August 16, 1990, the Plaintiff was hired as an employee of Dresser in the position of Engineering Secretary in the Avon location.

9. On March 1, 1992, the Ms. Thomas was promoted by Dresser to the position of Human Resources Administrator.

10. In or around May of 1997, the Defendant's Human Resources Manager was promoted to the position of Operations Manager. Between approximately 1997 and 1999, three Labor Relations Managers were hired with

2

the responsibility of handling and addressing union issues within the personnel department.

11. In 1999, the last Human Resources Manager, William Brennan, not a party hereto, resigned from his position.

12. Upon Mr. Brennan's resignation, Ms. Thomas was effectively left alone in the Human Resources Department to handle all issues up to sometime in 2002.

13. In or around December 2001, Ms. Thomas was informed that there were two candidates being interviewed for the position of Human Resources Manager. Given her experience in the department, and her knowledge of Defendant's Human Resource Department, she inquired as to why she was not one of the candidates being interviewed.

14. Operations Manager Gary Ostrowski informed the Ms. Thomas that she was lacking in contract negotiations skills, but that that was the only area she was purportedly lacking in. He assured Ms. Thomas that the person that would eventually be hired would be responsible for assisting Ms. Thomas in acquiring, developing and implementing these skills.

15. On February 1, 2002, Ms. Thomas received another promotion to the position of Human Resource (HR) Specialist.

16. Approximately 10 days later, on or about February 11, 2002, the Defendant hired Frank Marrone as the new Human Resources Manager. Mr. Marrone is a white male of Italian descent.

17. Approximately two months later, the following observations were made about the Plaintiff's job performance in her annual review:

   a. 89-80 points in the area of job knowledge, teamwork, and sense of prioritization/initiative (considered "Outstanding");

   b. 79-70 points in the area of interactive skills, and customer focus (considered "Excellent"); and

   c. 83 as an overall performance rating (considered "Outstanding").

18. In October of 2002, Mr. Marrone informed Ms. Thomas that he no longer needed an HR Specialist. Mr. Marrone then gave Ms. Thomas two choices: she could accept a demotion from an HR Specialist to an HR Clerk, or he could eliminate Ms. Thomas' position altogether in a reduction-in-force.

19. In January 2003, Ms. Thomas filed a Personnel Requisition Form requesting clerical help and assistance. In February 2003, the Office Team Staffing Agency sent Cherie Nelson, a black female who is not a party hereto, to assist Ms. Thomas in the performance of her duties.

20. Ms. Nelson handled all of clerical duties, such as filing, typing, sending faxes, as well as others.

21. In or around April 8, 2003, Mr. Marrone gave the Plaintiff an evaluation that was highly critical of the Plaintiff's job performance. For example:

   a. The Plaintiff only "met" the company's expectations in the following areas: judgment, adherence to policies and procedures, leadership and managing employee.

  b. The Plaintiff received an overall rating that she only "met" the company's expectations.

  c. That the Plaintiff only "met most" of the company's expectations in the following areas: interpersonal relationships and communications.

  d. That the Plaintiff only "exceeded" the company's expectations in the following areas: job knowledge, coordination, planning and organization, and orientation toward results.

22.  Mr. Marrone admitted that his perceptions about Ms. Thomas' purported job deficiencies and the areas of improvement were based on his personal opinion.

23.  In December 2003, Mr. Morrone infomed the Plaintiff that he was terminating Ms. Nelson's employment. He informed the Plaintiff that he was going to hire another person in the Human Resources Department, and that the Plaintiff would be responsible for "training" this new employee. He then informed the Plaintiff that eventually, the Plaintiff would be reporting to this new employee.

24.  Shortly thereafter, Mr. Marrone hired Rosa Simmons, not a party hereto, a while female of Italian descent.

25.  In or around April 28, 2004, Mr. Marrone gave another performance appraisal of the Plaintiff that was even more highly critical of the Plaintiff's job performance than the appraisal in April 2003. In this appraisal:

  a. Mr. Marrone claimed that the Plaintiff only "met most" of the company's expectations of the following: job knowledge,

>
> judgment, coordination, adherence to policies and procedures, and leadership.
>
> b. Mr. Marrone claimed that the Plaintiff did not meet any of the company's expectations in these areas: interpersonal relationships, communication and planning and organization.

26. Ms. Thomas did not agree with Mr. Marrone's performance appraisal, and she specifically informed Mr. Marrone that she felt it was a personal attack on her.

27. In a memorandum dated June 4, 2004, Mr. Marrone placed Ms. Thomas on a "Performance Enhancement Plan." This memorandum claimed that "job performance in the position of HR Specialist [was] trending down." However, the memorandum had a number of factual inaccuracies, including but not limited to the following:

> a. Mr. Marrone claimed that the Plaintiff was aware that the position of HR Specialist had changed and that this change had been communicated to the Ms. Thomas. Yet this was not true at all.
>
> b. Mr. Marrone claimed that Ms. Thomas was told verbally and in writing about "target areas for improved performance." Yet this was not true at all.

28. In an unsigned memorandum dated June 10, 2004, a list of four assignments were listed, with the requirement for Ms. Thomas to meet with Mr. Marrone to discuss the progress. Among these included a "written to do list."

Yet, the Plaintiff, having been in her position for over 12 years, should not have been required to complete any "to do" list as she was well aware of what her job responsibilities were.

29. In a letter dated August 4, 2004 and in a meeting that was held on that same date, the Plaintiff was terminated from her employment.

30. According to the aforementioned letter, the Plaintiff was terminated due to "an on-going non-productive relationship with [Mr. Marrone]."

31. Ms. Thomas strongly believes that Mr. Marrone's expressions of dissatisfaction with Ms. Thomas are not based in fact, but are based on Ms. Thomas' race, color, national origin/ancestry and/or her sex.

## Count One
### Violations of Title VII of the Civil Rights Act of 1964, as amended

32. Paragraphs 1 through 31 of this complaint are incorporated herein as if fully set forth.

33. The termination of the Plaintiff's employment violates Title VII of the Civil Rights Act of 1964, as amended in that it was motivated by her race, color, national origin or ancestry, and/or her sex.

34. As a result of the unlawful termination of the Plaintiff's employment as aforesaid, the Plaintiff has suffered lost wages, all to her loss and damage.

35. As a result of the unlawful termination of the Plaintiff's employment, the Plaintiff has suffered emotional distress, all to her loss and damage.

36. As a result of the unlawful termination of the Plaintiff's employment, and this resulting lawsuit, the Plaintiff has been forced to incur costs and attorneys fees, all to her loss and damage.

37. Mr. Marrone's conduct and ultimately the Defendant's conduct amounted to a reckless and callous disregard for the Plaintiff's civil rights, and thus, the Plaintiff may be entitled to punitive damages.

## Count Two
### Violations of Chapter 151B of the Massachusetts General Laws

38. Paragraphs 1 through 31 of this complaint are incorporated herein as if fully set forth.

39. The termination of the Plaintiff's employment violates Chapter 151B of the Massachusetts General Laws, as amended in that it was motivated by her race, color, national origin or ancestry, and/or her sex.

40. As a result of the unlawful termination of the Plaintiff's employment as aforesaid, the Plaintiff has suffered lost wages, all to her loss and damage.

41. As a result of the unlawful termination of the Plaintiff's employment, the Plaintiff has suffered emotional distress, all to her loss and damage.

42. As a result of the unlawful termination of the Plaintiff's employment, and this resulting law suit, the Plaintiff has been forced to incur costs and attorneys fees, all to her loss and damage.

43. Mr. Marrone's conduct and ultimately the Defendant's conduct amounted to a reckless and callous disregard for the Plaintiff's civil rights, and thus, the Plaintiff may be entitled to punitive damages.

WHEREFORE, your Plaintiff prays that this Honorable Court enter judgment in her favor, and that the Court ORDER:

a. That the Plaintiff be awarded compensatory damages;

b. That the Plaintiff be awarded punitive damages;

c. That the Defendant be enjoined from discriminating against other employees on the basis of their sex, race, national origin and/or ancestry or color;

d. That the Plaintiff be awarded the costs of bringing this action, including but not limited to reasonable attorneys fees; and

e. Any additional relief that the court deems equitable, just and proper.

DATED AT BOSTON, MASSACHUSETTS, this 12th day of April, in the year 2005.

THE PLAINTIFF
Carol Thomas
By her attorney:

William J. McLeod, BBO#560572
McLeod Law Offices, PC
77 Franklin Street
Boston, MA 02110
617-542-2956/phone
617-695-2778/fax
wjm@mcleodlawoffices.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carol Thomas

### DEFENDANTS
Dresser, Inc. - Masoneilan

(b) County of Residence of First Listed Plaintiff: **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William J. McLeod, McLeod Law Offices, PC, 77 Franklin Street, Boston, MA 02110. 617.542.2956

Attorneys (If Known)

**05-10726 PBS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000e, et seq., Title VII of the Civil Rights Act of 1964 as amended

Brief description of cause:
Discrimination in employment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/12/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Carol Thomas v. Dresser, Inc. - Masoneilan__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05-10726 PBS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __William J. McLeod, McLeod Law Offices, PC, BO No. 560572__
ADDRESS __77 Franklin Street, Boston, MA  02110__
TELEPHONE NO. __617-542-2956__

(CategoryForm.wpd - 2/15/05)