UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROL THOMAS,
        Plaintiff,

v.

DRESSER, INC. - MASONEILAN,
        Defendant.

Civil Action No. 05-10726 PBS

## ANSWER OF DEFENDANT

Defendant, Dresser, Inc. – Masoneilan Division ("Dresser"), for its Answer, hereby responds to the numbered allegations of the Complaint as follows:

### Jurisdiction

1. Paragraph 1 of the Complaint states a conclusion of law to which no response is required.

### Procedural Background

2. Denies knowledge or information as to the truth of the allegations contained in paragraph 2 of the Complaint, but states that Dresser received a copy of a charge of discrimination filed by Plaintiff at the Massachusetts Commission Against Discrimination, which speaks for itself.

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a conclusion of law to which no response is required.

### Factual Background

6. Denies knowledge or information as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that Dresser, Inc. is a Delaware corporation with its principal place of business in

Addison, Texas. Further responding, Dresser states that its Masoneilan Division is a business unit, headquartered in Avon, Massachusetts.

    8.    Admits the allegations contained in paragraph 8 of the Complaint.

    9.    Admits the allegations contained in paragraph 9 of the Complaint.

    10.    Denies the allegations contained in paragraph 10 of the Complaint, except admits that in or around May of 1997, the Human Resources Manager was promoted to the position of Operations Manager.

    11.    Admits the allegations contained in paragraph 11 of the Complaint.

    12.    Denies the allegations contained in paragraph 12 of the Complaint, but states that after Mr. Brennan resigned, Plaintiff was the only Human Resources Administrator in the Avon facility until February of 2002.

    13.    Admits the allegations contained in paragraph 13 of the Complaint.

    14.    Denies the allegations contained in paragraph 14 of the Complaint.

    15.    Admits the allegations contained in paragraph 15 of the Complaint.

    16.    Admits the allegations contained in paragraph 16 of the Complaint.

    17.    States that the document speaks for itself.

    18.    Denies the allegations contained in paragraph 18 of the Complaint.

    19.    Admits the allegations contained in paragraph 19 of the Complaint.

    20.    Denies the allegations contained in paragraph 20 of the Complaint, except admits that Ms. Nelson handled some of the clerical duties of the Human Resources department.

    21.    States that the document speaks for itself.

    22.    Denies the allegations contained in paragraph 22 of the Complaint.

    23.    Denies the allegations contained paragraph 23 of the Complaint, but states that Mr. Morrone terminated Ms. Nelson's employment because there was no need for two employees to perform administrative tasks, and that a temporary employee was hired.

    24.    Admits that Rosa Simmons was hired, but denies knowledge or information as to the truth of the allegations regarding her ancestry.

25. States that the document speaks for itself.

26. Denies knowledge or information as to the truth of the allegations contained in paragraph 26 of the Complaint, but states Plaintiff informed Mr. Morrone that she believed the evaluation was a personal attack on her.

27. Denies the allegations contained in paragraph 27 of the Complaint, but states that Mr. Morrone did place Plaintiff on a performance improvement plan in June of 2004.

   a. Denies the allegations contained in paragraph 27(a) of the Complaint, except admits that Mr. Morrone informed Plaintiff that her position of HR Specialist had changed and this change had been communicated to her.

   b. Denies the allegations contained in paragraph 27(b) of the Complaint, except admits that Mr. Morrone informed Plaintiff verbally and in writing that she needed to improve in certain target areas.

28. Denies the allegations contained in paragraph 28 of the Complaint, but states that Mr. Morrone provided Plaintiff with a written list of tasks and responsibilities in early June, 2004 that Plaintiff previously had not performed.

29. Admits the allegations contained in paragraph 29 of the Complaint.

30. States that the document speaks for itself.

31. Denies knowledge or information as to Plaintiff's beliefs, and otherwise denies the allegations contained in paragraph 31 of the Complaint.

## Count I: Violation of Title VII of the Civil Rights Act of 1964, as amended

32. Dresser repeats paragraphs 1 through 31 of its Answer and incorporates them herein by reference.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

**Count II: Violation of Chapter 151B of the Massachusetts General Laws**

38.     Dresser repeats paragraphs 1 through 37 of its Answer and incorporates them herein by reference.

39.     Denies the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

**First Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims are subject to a mandatory and binding agreement between Plaintiff and Dresser to resolve all workplace disputes through Dresser's Dispute Resolution Program.

**Third Affirmative Defense**

Plaintiff's claim for damages is barred, in whole or in part, by her failure to mitigate her damages.

**Fourth Affirmative Defense**

Plaintiff fails to establish a prima facie case of gender or race discrimination.

**Fifth Affirmative Defense**

Plaintiff's claim for damages is barred because she failed to take advantage of Dresser's preventive and/or corrective opportunities or to otherwise avoid harm.

**Sixth Affirmative Defense**

Plaintiff's claim is barred by the statute of limitations.

### Seventh Affirmative Defense

Defendant at all times made good faith efforts to comply with obligations under employment discrimination statutes.

### Eighth Affirmative Defense

Plaintiff's claim fails due to her failure to exhaust administrative remedies.

### Ninth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of unclean hands, waiver and estoppel.

WHEREFORE, Defendant hereby requests that the Court:

1. Dismiss the Complaint in its entirety;

2. Enter judgment for Defendant on all claims;

3. Enter such other relief as may be just and proper.

Respectfully submitted,

DRESSER, INC. – MASONEILAN DIVISION
By its attorneys,

/s/ Kavita M. Goyal
Stephen T. Paterniti (BBO # 564860)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025

Date: June 13, 2005