UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROL THOMAS,
        Plaintiff,

v.

DRESSER, INC. - MASONEILAN,
        Defendant.

Civil Action No. 05-10726 PBS

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING USE OF MANDATORY DISPUTE RESOLUTION PROGRAM

Defendant, Dresser, Inc. - Masoneilan Division ("Dresser"), files this Reply to Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Use of Mandatory Dispute Resolution Program. Remarkably, neither in Plaintiff's Opposition nor in her Affidavit does Plaintiff deny that she read the Dispute Resolution Program ("DRP") materials, which explicitly give notice to employees that the DRP shall be the **exclusive, final and binding** method by which workplace disputes are resolved. The DRP materials also state that the DRP **applies to current employees who continue their employment with Dresser.** Plaintiff's failure to deny that she read the DRP materials is a tacit admission that prevents Plaintiff from alleging that (1) she was not given sufficient notice that the DRP was mandatory and exclusive for current employees, or (2) she was not given sufficient notice that her continued employment with Dresser was acceptance of the terms of the DRP. As a result, there is a valid agreement to arbitrate this matter.

Additionally, Plaintiff's reliance on Campbell v. Gen. Dynamics Gov't. Sys. Corp. is unfounded. 407 F.3d 546 (1st Cir. 2005). The DRP mailing that was sent to the residences of all Dresser employees is distinguished from the blanket e-mail sent to employees at work in the

Campbell decision. At Dresser, mailings to employees' residences – unlike the e-mails in the Campbell decision - were made infrequently and were reserved only for significant materials. As a result, Dresser employees would have known that the DRP materials they received in the mail at their homes were important and that they should have been reviewed.

For the above stated reasons, discussed in greater detail below, this Court should grant Defendant's Motion to Stay Proceedings Pending Use of Mandatory DRP.[1]

## ARGUMENT

I. **Plaintiff Is Unable to Prove That She Was Not Aware That the DRP Applied To Current Employees**

Plaintiff's Opposition is based primarily on her contention that there was insufficient notice to Plaintiff that her continued employment with Dresser would effect a waiver of the right to pursue a claim in a judicial forum. Specifically, Plaintiff argues that neither Mr. Riegler's June 2001 Memorandum nor Mr. Reed's July 2001 Memorandum gave notice to employees that the DRP was mandatory and an exclusive remedy, and as a result, unless an employee actually read the DRP materials themselves, they would not be aware that continued employment constituted acceptance of the terms of the DRP.

Plaintiff's contention, however, fails for two key reasons: (1) Plaintiff does not state in her Memorandum or her Affidavit that she did not read the DRP materials or that she did not attend the DRP information session; and (2) as the HR Specialist and previously, as the sole employee in the HR Department, Plaintiff was expected to and should have reviewed the DRP materials. As a result, because the DRP materials explicitly state that continued employment is acceptance of the terms of the mandatory DRP, Plaintiff was on notice that the DRP applied to

---

[1] Defendant also opposes Plaintiff's request that it be sanctioned or admonished for seeking a Motion to Stay. Prior to filing Defendant's Motion, counsel for Defendant provided counsel for Plaintiff an opportunity to discuss the DRP issue. Plaintiff's counsel subsequently informed Defendant's counsel that Defendant should file its Motion and Plaintiff would file an appropriate Opposition.

2

her and that it was her exclusive remedy.  (See Defendant's Motion to Stay, Statement of Facts, ¶¶ 7-10.)

### A.    Plaintiff Does Not Deny That She Read and Reviewed the DRP Materials

In Plaintiff's Affidavit, Plaintiff admits that Dispute Resolution Booklets were mailed to all employees at the time of Dresser Industries, Inc.'s merger with the Halliburton Company in 1998. (Plaintiff's Aff., ¶ 3.)  She also states that in April, 2001, Dresser adopted Halliburton's DRP. (Id. at ¶ 6.)  The DRP booklet states the four-option program is the **exclusive means of resolving workplace disputes for legally protected rights.** The DRP booklet further states that an employee who accepts or continues employment at Dresser, by accepting compensation for employment, agrees to resolve all claims against Dresser through this process rather than through the court system.  (See Exhibit 4, page 5 to Declaration of Chad Reed)

Nonetheless, in Plaintiff's Opposition, Plaintiff attempts to argue she was not aware that the DRP was a mandatory and exclusive remedy or that it applied to current employees. However, nowhere in Plaintiff's Opposition nor in her Affidavit does Plaintiff state that she did not read and review the DRP materials mailed to her.  Indeed, Plaintiff's position in Human Resources would have required her to review the DRP materials as she was responsible for delivering this information to new hires. (See Section B. below.)  Plaintiff's failure to deny reviewing the materials amounts to a tacit admission that she did review them, and thus Plaintiff would have been aware that the DRP applied to current employees, including her, that it was mandatory, and that continued employment was an agreement to resolve workplace disputes through the DRP. (See Defendant's Motion to Stay, Statement of Facts, ¶¶ 7-10.)

Similarly, Plaintiff admits in her Affidavit that information sessions were conducted to present details of the [DRP] program and all employees were invited to attend these sessions. (Plaintiff's Aff., ¶¶ 3, 4.)  Again, Plaintiff's Affidavit is conspicuously silent on whether she

attended the DRP information sessions. Her failure to deny this is yet another tacit admission that she attended the information sessions in which the DRP was discussed, either at the time Dresser Industries, Inc. merged with Halliburton or when Dresser adopted the DRP in April 2001. Therefore, Plaintiff would have been made aware in these sessions that the DRP was mandatory, that it applied to her, and that continued employment was acceptance of the terms of the DRP. (See Exhibit 7 to Declaration of Chad Reed, submitted with Defendant's Motion to Stay.)

> B. **As the HR Specialist, Plaintiff Was Responsible For Reviewing the DRP Materials**

Even assuming, *arguendo*, that Plaintiff did not read the DRP materials when they were mailed to her at her home address, Plaintiff's job in the HR Department at the Avon facility would have required her to read the DRP materials. In fact, Plaintiff states in her Complaint that from 1999 to some time in 2002, "she was effectively left alone in the HR Department to handle all issues." (Complaint ¶¶ 12-13.)[2] Accordingly, as the employee left to handle "all issues" in the HR Department, Plaintiff was required to not only have reviewed the DRP materials, but also to understand them in the event an employee had any questions regarding the program.

Plaintiff attempts to argue that because she was provided enough [DRP] booklets for employees hired after the merger, the DRP only applied to new employees. However, the reason she was provided DRP materials only for new employees is because Dresser had already sent current employees the DRP materials to their homes. Further, Plaintiff states in her Opposition that as the HR Specialist she is in one of the best positions to know the fact that the [DRP] policy was not required for current employees of Dresser. This statement is self-serving and is factually baseless, given the ample DRP materials that specifically state the DRP applies to current

---

[2] This included distributing the DRP materials to new employees. (Plaintiff's Aff., ¶ 5.)

4

employees who continue their employment with Dresser and as Plaintiff stated, given her position as HR Specialist.[3]

## II. Dresser's Mailing of the DRP Materials Was Significant and Is Distinguished from the Campbell Decision

Relying on the recent Campbell decision, Plaintiff contends that the memoranda and accompanying DRP materials mailed to all current employees at Dresser was insufficient notice to employees that "continued employment would effect a waiver of the right to pursue the claim in a judicial forum." However, Campbell is clearly distinguishable from the instant case based upon a straight-forward review of the facts.

In Campbell, the employer sent an e-mail to all employees informing them of its new dispute resolution program. The e-mail was sent without any notification of its importance or urgency, and was one of many e-mails received by employees daily and generally, not a method of communication used when any significant alterations to the employment relationship were being made by the employer. 407 F.3d at 556. The Court held that factors relevant to whether an employer's communication would have provided a reasonably prudent employee notice of the waiver, include, but are not limited to, the method of communication, the workplace context and the content of the communication. Id. at 555.

In this case, Dresser sent the DRP materials to all current employees by mailing them to each employee's residence – a method that was used by Dresser in very limited circumstances.

---

[3] Alternatively, if Plaintiff admits that she did not review the DRP materials either as an HR Specialist or at a minimum, before distributing them to new employees, Plaintiff did not perform her tasks satisfactorily. Accordingly, Plaintiff cannot prove a *prima facie* case of discrimination because she did not perform her job satisfactorily. See Smith v. F.W. Morse & Co., 76 F.3d 413, 421 (1st Cir. 1996). In addition, pursuant to the after-acquired evidence doctrine, Dresser would have had legitimate non-discriminatory business reasons to terminate Plaintiff's employment at that time. See e.g. Prozinski v. Northeast Real Estate Services, LLC, 59 Mass. App. Ct. 599, 611 (2003), citing Markovits v. Venture Info Capital, Inc., 129 F. Supp.2d 647, 653 (S.D.N.Y. 2001) (the "after-acquired evidence doctrine, when applied in Massachusetts courts is generally employed to justify wrongful terminations through evidence that the employee engaged in conduct that, although not known by the employer before termination, would have led to termination if known").

(Supplemental Declaration of Chad Reed, ¶ 1.) In fact, the only instances in which Dresser mailed information to employees' residences were with regard to tax information and benefits information. (Id. at ¶ 2.) Under the circumstances, a mailing to employees' residences is entirely different than a blanket e-mail to employees without any designation as to its importance. Accordingly, given the method in which the employees received the DRP materials and the content of them, employees would have known that the materials were significant, would have reviewed them, and would have been put on notice that the DRP was mandatory and an exclusive remedy for current employees who chose to continue their employment with Dresser.

### III.  No Signed Document Is Required

Finally, Plaintiff attempts to argue that because there is no signed document by her, a mandatory arbitration agreement is not enforceable. However, it is well established that a signed document from the plaintiff is not required in order to enforce a mandatory arbitration agreement. (See Footnote 2, page 10 of Defendant's Motion to Stay.)

### CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in Defendant's Motion to Stay, the Court should stay this proceeding pending use of the mandatory dispute resolution program.

Respectfully submitted,

DRESSER, INC. – MASONEILAN DIVISION
By its attorneys,

/s/ Kavita M. Goyal
Stephen T. Paterniti (BBO # 564860)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Date:  August 26, 2005            (617) 367-0025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROL THOMAS,
    Plaintiff,

v.

DRESSER, INC. - MASONEILAN,
    Defendant.

Civil Action No. 05-10726 PBS

### SUPPLEMENTAL DECLARATION OF CHAD REED

I, Chad Reed, being on oath depose and say as follows:

1. Dresser sent the DRP materials to all current employees by mailing them to each employee's residence a method that was used by Dresser in very limited circumstances.

2. Upon information and belief, the only instances in which Dresser mailed information to employees' residences were with regard to tax information and benefits information.

3. Given that the DRP materials were sent by mail to employees' residences, employees would have known that the materials were significant, would have reviewed them, and would have been put on notice that the DRP was mandatory and an exclusive remedy for current employees who chose to continue their employment with Dresser.

Executed under the penalties of perjury on this 15th day of August, 2005.

_____
W. Chad Reed