*Carol L. Thomas*
*88 Spallus Road*
*Stoughton, MA 02072*
*(781)344-6337*

FILED
IN CLERKS OFFICE

2006 OCT 31  A 10: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

October 31, 2006

United States District Court
District of Massachusetts (Boston)
Attention: Judge Patti B. Saris
1 Courthouse Way
Boston, MA 02210

**RE: CIVIL DOCKET FOR CASE#: 1:05-cv-10726-pbs**
**Cause: 42:2000e Job Discrimination (Employment)**

Dear Judge Saris,

Thank you for your response dated 9/5/06. I've attached a letter of termination that was given to me and to all employees of Dresser, Inc. who were terminated and not covered under the Dispute Resolution Program agreement. Employees who were covered under this DRP agreement had signed documents in their personnel files attesting to this fact therefore, a letter termination would not have included Section II – Release of Claims.

I'm very thankful again for your attention and understanding and for any guidance you may be able to offer.

Sincerely,

*Carol L. Thomas*
Carol L. Thomas



August 4, 2004

Carol Thomas
88 Spallus Road
Stoughton, MA 02072

Dear Carol:

The purpose of this letter is to notify you that your employment is being terminated effective today, August 4, 2004. This action is the result of an ongoing non-productive relationship with your manager.

Normally such circumstances would result in termination without opportunity for severance benefits. However, the Company is extending benefits to you that are normally reserved for those involved in a RIF. These benefits are in recognition of your 14 years of service and past contributions to the Company.

The remainder of this letter details the separation benefits the company is making available to you following termination. As you will note, this letter consists of two sections – Section I sets forth the terms and conditions of the termination of your employment, and Section II sets forth provisions whereby any actual or potential claims that you may have against the Company are amicably resolved. The provisions of this letter shall be effective only if you accept such provisions.

For the purpose of Section I of this letter, "Company" is deemed to be Dresser, Inc. For the purpose of Section II of this letter, "Company" is deemed to be Dresser, Inc. and its successor, parent, subsidiary and affiliated companies, as well as all predecessor companies and their respective parent, subsidiary, and affiliated companies.

SECTION I – TERMS AND CONDITIONS OF TERMINATION:

A. The termination of your employment is yet to be determined, but it is anticipated that it will be on August 4, 2004 (the "Termination Date").
B. You are eligible to receive two weeks ($1,924.80) severance pay. You will, however, be eligible for a cash payment as described in Section II.B. below.
C. You will receive payment for all unused vacation in accordance with Company policy.
D. You will be provided with outplacement assistance, as defined and scheduled by the Company. Following your Termination Date, you are entitled to continue medical and dental coverage in the applicable Company plan pursuant to which you have been enrolled. You will be covered under such continued medical and dental coverage through the last day of the month following the month of your termination. Medical and dental coverage subsequent to that date will be provided to you in accordance with the rules of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). If you elect this continued

Dresser, Inc.
15455 Dallas Parkway, Suite 1100 • Addison, Texas 75001 • Phone: 972-361-9614 • Fax: 972-361-9813 • www.dresser.com

Value in Energy℠
7 / 112

COBRA medical and dental coverage, the coverage will be at your expense in accordance with the terms and conditions and costs to be furnished to you.

E.  Information concerning your 401(k) Plan accounts can be obtained by contacting Vanguard at 1-800-523-1188. Information concerning other Dresser Benefits can be obtained by contacting the Dresser Benefits Group at 1-866-325-8214.

F.  Coverage for employee basic life insurance is available through the last day of the month following the month during which your employment is terminated.

G.  All Company benefits other than those described in this letter shall cease on your Termination Date.

H.  On your Termination Date, you shall return all Company property, including, but not limited to, keys, credit cards, access cards, manuals, proposals, agreements, customer lists, employee lists, and confidential and proprietary information and all copies thereof.

I.  During your employment and following the termination of your employment with the Company, you shall not disclose any confidential and proprietary information of the Company, including, but not limited to, proposals, agreements, product plans and designs, pricing, marketing and sales plans, research and development projects or plans, customer lists and employee lists; and you shall continue to be bound by the provisions concerning confidential and proprietary information and inventions as set forth in agreements that you have entered into with the Company or any predecessor company or any of their respective parents, subsidiaries, or affiliated companies. Following the termination of your employment with the Company, you shall not use any confidential or proprietary information of the Company, except such disclosures approved by the Company in writing.

J.  This letter, including the cash payments set forth in Paragraph B of Section II, shall not be deemed to be an admission of liability of the Company or any predecessor company or any of their respective parents, subsidiaries, or affiliated companies to you.

K.  The payments to be made to you, as set forth in Section II, are subject to withholding and applicable deductions. Some or all of the payments and transactions described in this letter will create tax liability for which you will have responsibility.

## SECTION II – RELEASE OF CLAIMS

A.  While it is our expectation that you do not have any claims against the Company, in an effort to be certain that any actual or potential claims that you have or may have are resolved amicably, we shall extend to you the benefits as set forth in the letter _if, and only if,_ you agree to release the Company from any and all actual and potential claims as provided in this Section II; and you comply with the terms and conditions of this letter, including the satisfactory performance of your work assignments through the Termination Date set forth in Paragraph A of Section I. You are encouraged to seek the advice of an attorney prior to accepting the provisions of this letter.

B.  If (i) you agree to the release of claims as set forth in this Section II and so indicate your agreement by signing and returning this letter to the undersigned, and (ii) you comply with the terms and conditions of this letter, including the satisfactory performance of your work assignments through the Termination Date, a cash payment of $11,548.80 (less applicable taxes) shall be made by the Company to you on the later of (a) the Termination Date or (b) eight days after you execute this letter, provided that you have not previously revoked your acceptance of the terms of this letter.

C.  In consideration of the payments to be made to you, and other benefits to be provided to you as set forth in this letter, you hereby irrevocably and unconditionally release the Company and the successors, assigns, employees, officers, and directors of the Company from and against any and all claims, liabilities, demands and causes of action, known or unknown, suspected or unsuspected, that you have or may have by reason of any action,

Dresser, Inc.
15455 Dallas Parkway, Suite 1100 • Addison, Texas 75001 • Phone: 972-361-9814 • Fax: 972-361-9813 • www.dresser.com

Value in Energy℠

8 / 112

statement, representation, omission, transaction or event occurring up to and including your Termination Date resulting from or in any way connected with your employment or termination of employment by the Company, including, but not limited to, any claims arising under the Age Discrimination In Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, and any other federal, state or local statutes, ordinances and regulations or common law.

D. You shall have twenty-one (21) days from the date of this letter to accept the terms and conditions set forth in this letter. If you agree with and accept such terms and conditions, please sign and date the enclosed letter and return it to David Gustin, Director Employee Relations by such date. You shall have the right to revoke your acceptance within seven days after the date you execute this letter. Your revocation shall be in writing and must be received by David Gustin within such seven-day period in order to be effective. If you do not revoke your acceptance within such seven-day period, your acceptance of the terms and conditions of Sections I and II of this letter shall become effective on the eighth day after you execute this letter.

E. You understand and agree that you:
   I. have twenty-one (21) days from the date of this letter to consider its terms;
   II. have carefully read and fully understand all of the provisions of this release of claims;
   III. are releasing the Company from any and all actual or potential claims you now have, or may in the future have, against the Company relating to or in any way connected with your employment and termination of employment by the Company, including the claims and potential claims set forth in this Section II, and that the term "Company" includes not only Dresser, Inc., but also a) Dresser, Inc.'s parent, subsidiary and affiliated companies; b) all predecessor companies to Dresser, Inc., and c) all parent, subsidiary and affiliated companies of such predecessor companies;
   IV. understand that this is a legally binding document;
   V. knowingly and voluntarily intend to be legally bound by this release;
   VI. will not receive the benefits afforded to you pursuant to Sections I and II of this letter if you do not comply with the terms and conditions of this letter, including the satisfactory performance of your work assignments through the Termination Date;
   VII. were advised to consider the terms of this release and to consult with an attorney of your choice prior to executing this release;
   VIII. have seven (7) days following execution of this release to revoke your acceptance of this release since this release will not become effective unless all of the following have occurred: (i) you sign this letter, (ii) you have not revoked your acceptance, and (iii) your right to revoke acceptance has expired; and
   IX. in executing this release, you are not relying on any statements or representations, whether written or oral, made by the Company or any employee or officer of the Company except as specifically set forth in this letter.

F. You represent that you have not filed any claim, charge or complaint against the Company and will not file such claim, charge or complain against the Company regarding any matter covered by the release set forth above.

G. This letter sets forth the entire understanding and agreement regarding your termination of employment and supersedes all previous and contemporaneous negotiations, discussions, agreements, and understandings.

H. You shall not disclose the benefits afforded to you pursuant to this letter, in whole or in part, to anyone except your attorney and except as may be required by law.

I. This release is governed by the laws of the state in which you are employed.

Dresser, Inc.
15455 Dallas Parkway, Suite 1100 • Addison, Texas 75001 • Phone: 972-361-9814 • Fax: 972-361-9813 • www.dresser.com

Value in Energy℠

While we regret the termination of your employment, we trust that the benefits afforded to you in this letter will assist in a reasonable transitioning of your employment. We wish you the very best of luck in your future endeavors. If you have any questions concerning this letter, please do not hesitate to contact me at 713-244-1602.

Sincerely,

Mike Dills
VP Human Resources, DFS

The terms and conditions set forth above are agreed and accepted by:

_____          _____
Signature                                Date
Print Name: _____

Dresser, Inc.
15455 Dallas Parkway, Suite 1100 • Addison, Texas 75001 • Phone: 972-361-9814 • Fax 972-361-9813 • www.dresser.com

Value in Energy℠
10/112

9/5/06 This case was administratively closed pending the mandatory dispute resolution program. If you want to reopen the case, file a motion in a timely way. Patti B Saris

*Carol L. Thomas*
*88 Spallus Road*
*Stoughton, MA 02072*
*(781)344-6337*

FILED
CLERKS OFFICE
2006 AUG 28 A 11: 52
U.S. DISTRICT COURT
DISTRICT OF MASS

July 31, 2006

United States District Court
District of Massachusetts (Boston)
Attention: Judge Patti B. Saris
1 Courthouse Way
Boston, MA 02210

**RE: CIVIL DOCKET FOR CASE#: 1:05-cv-10726-pbs**
**Cause: 42:2000e Job Discrimination (Employment)**

Dear Judge Saris,

This letter is written to inform you that I have been having difficulty retaining another attorney to represent me in this case due to the lien placed by my former attorney William J. McLeod however, I would like to request that this case remain active. I would greatly appreciate any advice or suggestions you may offer.

Thank you in advance for your anticipated understanding and cooperation.

Sincerely,

*Carol L. Thomas*
Carol L. Thomas

DOCKETED

(B)